IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERIC BLACKMAN, #K-03118, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-cv-1152-NJR |
| | ) |
| KIMBERLY S. BUTLER, | ) |
| ROBERT E. HUGHES, | ) |
| JASON N. HART, | ) |
| RANDY S. PFISTER, | ) |
| CHAD M. BRAD,[1] | ) |
| ABERARDO A. SALINAS, | ) |
| SALVADOR A. GODINEZ, | ) |
| and LESLIE McCARTY, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Eric Blackman, an inmate who is currently confined at Stateville Correctional Center ("Stateville"), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged violations of his First, Eighth, and Fourteenth Amendment rights at Menard Correctional Center ("Menard") and Pontiac Correctional Center ("Pontiac"). (Doc. 1). Plaintiff complains that officials at both prisons unlawfully increased his punishment for participation in a gang and/or unauthorized organizational activity from three to twelve months without any new charges or evidence to support this upward adjustment. (Doc. 1, pp. 9-19). In addition, he was subject to a disciplinary transfer from Menard to Pontiac. *Id.* The decision to increase Plaintiff's punishment

---

[1] Plaintiff refers to this individual as "Chad Brad" in the list of defendants (Doc. 1, p. 3) and "Chad Brown" in the case caption (Doc. 1, p. 1) and throughout the statement of claim (Doc. 1, pp. 9-19). For the sake of consistency, the Court will refer to this individual as "Chad Brown" throughout this Order. In addition, the Clerk of Court will be directed to change the name of this individual to "Chad Brown" on the docket sheet.

1

was ultimately overturned, but only after Plaintiff served the full twelve month term in segregation under conditions that he describes as deplorable. *Id.*

In connection with these events, Plaintiff names the following individuals as defendants in this action: Kimberly Butler (Menard's warden), Robert Hughes (adjustment committee member), Jason Hart (adjustment committee member), Randy Pfister (Pontiac's former warden),[2] Chad Brown (adjustment committee member), Aberardo Salinas (adjustment committee member), Salvador Godinez (IDOC Director), and Leslie McCarty (administrative review board ("ARB") member). (Doc. 1, pp. 1-4). He brings claims against them for retaliation under the First Amendment, due process violations under the Fourteenth Amendment, and unconstitutional conditions of confinement under the Eighth Amendment. He seeks declaratory judgment and monetary damages. (Doc. 1, p. 20).

After filing his Complaint (Doc. 1), Plaintiff also filed two Motions to Supplement Complaint (Docs. 7 and 8) with exhibits. In both, Plaintiff explained that the proposed exhibits were omitted from his original filing. The Court does not typically accept piecemeal amendments to the Complaint. Given the early stage of this case and the circumstances described by Plaintiff, however, the Court will grant these motions. The Clerk will be directed to refile the Complaint and both sets of proposed exhibits as the "First Amended Complaint" in the Case Management/Electronic Case Filing ("CM/ECF") system. The First Amended Complaint supersedes and replaces the original Complaint, rendering it void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Because the original Complaint is fully incorporated into the First Amended Complaint, however, all citations to the record are to the original Complaint filed at Document 1.

---

[2] This individual is identified in the Complaint as Stateville's current warden. (Doc. 1, p. 3). At the time of the events giving rise to this action, Pfister allegedly served as Pontiac's warden. *Id.*

2

## Merits Review Pursuant to 28 U.S.C. § 1915A

This case is now before the Court for preliminary review of the First Amended Complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints, including amended complaints, to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the First Amended Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id.* at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.* At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**First Amended Complaint**

During his incarceration at Menard, Plaintiff alleges that he was repeatedly interviewed by Menard's Intelligence Unit about his suspected involvement in prison "gang operations." (Doc. 1, p. 11). Intelligence officers threatened him with punishment for failing "to cooperate and inform them of his gang involvement." *Id.* Plaintiff was unaware of any gang operations, however, and could provide them with no information. *Id.* From July 3, 2012, until April 24, 2014, Plaintiff remained in the general population. *Id.*

On April 22, 2014, Plaintiff was served with an inmate disciplinary report citing him for a violation of Rule 205–participation in a security threat group or unauthorized organizational activity. (Doc. 1, p. 10). He appeared before Menard's Adjustment Committee (Minh Scott[3] and Jason Hart) two days later and was found guilty of the rule violation. *Id.* Normally, this violation resulted in punishment with twelve months in disciplinary segregation. *Id.* Scott decided to impose only three months segregation, however, because the allegations against Plaintiff were "vague." *Id.*

Upon review of these findings, Warden Butler remanded the matter to the Adjustment Committee. (Doc. 1, pp. 10-11). The warden instructed the Adjustment Committee to rewrite the ticket and rehear the matter before imposing twelve months in disciplinary segregation, a disciplinary transfer, and a loss of privileges. *Id.* In doing so, Warden Butler allegedly attempted to bypass the strict prohibition under the Illinois Administrative Code against increasing a sanction without any additional charges or evidence. (Doc. 1, p. 11). In response to the warden's

---

[3] This individual is not named as a defendant in this action, and no claims are asserted against him. When parties are not listed in the caption, this Court will not treat them as defendants, and any claims against them should be considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption"). Accordingly, all claims against Minh Scott are considered dismissed without prejudice.

4

recommendation, the Adjustment Committee (Robert Hughes and Jason Hart) increased Plaintiff's punishment from three to twelve months in segregation and ordered a disciplinary transfer. (Doc. 1, pp. 10, 12).

Plaintiff filed numerous grievances with Menard's grievance officer,[4] ARB Member McCarty, and Director Godinez to complain about the upward adjustment to his punishment. (Doc. 1, pp. 12-13). On October 20, 2014, Godinez and McCarty remanded the matter to the Adjustment Committee with instructions to have the reporting officer (Jeanette Hecht)[5] provide additional information to substantiate the charge. (Doc. 1, p. 12). At the time, Plaintiff had been confined in disciplinary segregation for three months beyond the sanction that was originally imposed. *Id.* Godinez and McCarty were aware of this fact but took no action to transfer him out of segregation. (Doc. 1, p. 13).

Another three months passed between this order and the rehearing, which took place after Plaintiff transferred to Pontiac. (Doc. 1, p. 14). On January 20, 2015, Plaintiff received the rewritten disciplinary report, which was substantially the same as two prior reports[6] that were deemed to be insufficient by the ARB. *Id.* On January 27, 2015, Plaintiff appeared before Pontiac's Adjustment Committee (Chad Brown and Aberardo Salinas). *Id.* Plaintiff submitted a written statement, in which he pointed out that the latest disciplinary report suffered from the same deficiencies as all prior reports. *Id.* He asserted that his continued confinement in segregation was unlawful. *Id.* At the time of the hearing, Plaintiff had been improperly confined for six months beyond the Illinois Administrative Code's prescribed period of punishment. *Id.*

---

[4] The grievance officer is not named as a defendant (even in generic terms) in this action. All claims against this individual are therefore considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a) *Myles*, 416 F.3d at 551-52.
[5] This individual is also not named as a defendant in this action, and all claims against her are considered dismissed without prejudice. *Id.*
[6] The prior reports were allegedly dated April 22, 2014, and May 6, 2014. (Doc. 1, p. 14).

The Adjustment Committee, once again, found him guilty of the rule violation and imposed punishment of twelve months in disciplinary segregation. *Id.* Warden Pfister upheld this decision.

Plaintiff filed grievances, dated January 30, 2015, and March 9, 2015, against Warden Pfister and Pontiac's Adjustment Committee (Chad Brown and Aberardo Salinas) to complain about his prolonged, unlawful detention in disciplinary segregation. (Doc. 1, p. 14). He also filed a Petition for Writ of Mandamus, in which he requested immediate release from segregation. *Id.* Plaintiff asserted that Pfister, Brown, and Salinas knowingly violated the Illinois Administrative Code when they increased his punishment without any new charges or evidence and delayed his rehearing. (Doc. 1, pp. 14-15). Plaintiff maintains that these defendants retaliated against him for filing grievances and the petition seeking a writ of mandamus by making no downward adjustment to his punishment. (Doc. 1, p. 15).

Plaintiff was ultimately released from disciplinary segregation on April 22, 2015, after serving the full twelve month term of punishment. *Id.* Less than one week later, on April 27, 2015, the ARB (Terri Anderson and Donald Stolworthy)[7] issued a final order, in which they concluded that the sanction increase from three to twelve months in disciplinary segregation violated the Illinois Administrative Code. (Doc. 1, p. 16). Plaintiff's punishment was retroactively reduced to the original three month sanction. *Id.* The final order served as no relief to Plaintiff, who had already served his full term of punishment. *Id.*

Plaintiff now claims that his punishment with disciplinary segregation posed an "atypical and significant hardship" in relation to his time spent in the general prison population. *Id.* He describes the conditions of his confinement at Pontiac as unconstitutional. (Doc. 1, pp. 17-18).

---

[7] Neither individual is named as a defendant in this action, thus all claims against Terri Anderson and Donald Stolworthy are considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a) *Myles*, 416 F.3d at 551-52.

Inmates were routinely confined to their cells for twenty-four hours each day. (Doc. 1, p. 17). They exited their cells only twice each week for recreation and once each week for showers. *Id.* They were allowed two visits per month. *Id.* Plaintiff received no telephone privileges for a year. *Id.* He was not allowed to purchase dental hygiene items and blames the loss of a tooth on his lack of access to floss, toothbrushes, and toothpaste. (Doc. 1, p. 18).

The conditions that Plaintiff endured in his various cells were allegedly "deplorable." (Doc. 1, p. 17). The cells were infested with roaches and ants "for months at a time." *Id.* Plaintiff was moved into a cell with feces smeared into the cracks and crevices of the walls. *Id.* He was housed with "hundreds" of seriously mentally ill inmates, who screamed and beat the cell walls each night. *Id.* Plaintiff estimates that he slept for only two or three hours each night as a result. *Id.*

Plaintiff was allowed four hours of recreation in the prison yard each week. *Id.* During recreation time, he was placed in a single-man cage, alongside other cages that were occupied by mentally ill inmates. *Id.* These inmates would hurl milk cartons full of feces and urine at other cages. *Id.* In the process, Plaintiff was hit with a milk carton full of urine. *Id.* From that point forward, he declined to participate in outdoor recreation. *Id.*

## Discussion

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court has organized the claims in Plaintiff's *pro se* First Amended Complaint into the following enumerated counts:

> **Count 1 -** First Amendment retaliation claim against Butler, Hughes, and Hart for punishing Plaintiff with twelve months in disciplinary segregation because he refused to admit to any involvement in a

|              |                                                                                                                                                                                                                                                                  |
|--------------|--------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|              | security threat group or provide information regarding prison gang activities.                                                                                                                                                                                     |
| Count 2 -    | First Amendment retaliation claim against Godinez and McCarty for unlawfully holding Plaintiff in segregation for the entire twelve month term because he filed grievances to complain about his prolonged punishment.                                             |
| Count 3 -    | First Amendment retaliation claim against Pfister, Brown, and Salinas for unlawfully holding Plaintiff in segregation for the entire twelve month term because he filed grievances and a petition for writ of mandamus.                                            |
| Count 4 -    | Fourteenth Amendment claim against the defendants for depriving Plaintiff of a protected liberty interest without due process of law by increasing his punishment from three to twelve months of disciplinary segregation without any new charges or evidence and delaying resolution of the matter until Plaintiff served twelve months in segregation. |
| Count 5 -    | Eighth Amendment claim against the defendants for subjecting Plaintiff to unconstitutional conditions of confinement in disciplinary segregation at Pontiac.                                                                                                       |

The parties and the Court will continue using these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these claims does not constitute an opinion regarding their merits.

### Counts 1, 2, and 3

To establish a *prima facie* case of retaliation, Plaintiff must demonstrate that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the protected activity was at least a motivating factor in the defendants' decision to take the retaliatory action. *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012).

Plaintiff claims that Butler, Hughes, and Hart retaliated against him for failing to provide them with information regarding prison gang activity by issuing him a disciplinary ticket and

8

increasing his punishment to twelve months in segregation and a prison transfer (Count 1). Prison officials may not retaliate against someone for giving truthful testimony; they also may not attempt to override the Fifth Amendment privilege against self-incrimination and compel testimony, even at a prison disciplinary hearing. *See Chrzanowski v. Bianci*, 725 F.3d 734, 742-43 (7th Cir. 2013); *Lefkowitz v. Cunningham*, 431 U.S. 801, 806 (1977); *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976). In light of this, the allegations support a retaliation claim against Butler, Hughes, and Hart in Count 1. This claim shall be dismissed without prejudice against all other defendants because no one else is named in connection with this claim.

Plaintiff further alleges that his decision to file grievances to complain about his increased punishment with Godinez and McCarty (Count 2) and to complain about Pfister, Brown, and Salinas (Count 3) triggered retaliation by these defendants in the form of a decision to hold him in segregation for the full twelve month term and delay resolution of the matter until after his release from segregation. Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *See, e.g., Thomson v. Washington*, 362 F.3d 969 (7th Cir. 2004); *Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988) (filing a non-frivolous grievance is constitutionally protected and will support a retaliation claim). Plaintiff also has a right to file lawsuits. *McKinley v. Lane*, No. 14-cv-01137-NJR-DGW (S.D. Ill. 2014) (Doc. 2, pp. 6-7). The increase in punishment from three to twelve months in segregation is likely to deter an inmate from doing both. At this stage, the Court finds that the First Amended Complaint supports a claim of retaliation against Godinez and McCarty in Count 2 and against Pfister, Brown, and Salinas in

Count 3. These claims are considered dismissed with prejudice against all other defendants because no one else is named in connection with either claim.

### Count 4

To establish a due process violation based on a prisoner's prolonged detention in segregation, the prisoner must allege that the defendants deprived him of life, liberty, or property without due process of law. A liberty interest may arise when prison officials restrain the freedom of an inmate in a manner that "imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 551 U.S. 472, 484 (1995). When making this determination, courts consider two factors: "the combined import of the duration of the segregative confinement *and* the conditions endured." *Hardaway v. Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013) (citing *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697-98) (7th Cir. 2009) (emphasis in original)). Both the twelve month duration and the allegedly deplorable conditions of Plaintiff's confinement in disciplinary segregation suggest that a liberty interest was at stake, triggering the right to due process of law. Plaintiff maintains that his due process rights were violated by each of the defendants, as a result of the lack of new charges, lack of evidence, and delays in addressing the upward adjustment of his punishment. The Court takes no position on the ultimate merits of this claim against the defendants but, at this juncture, will allow Count 4 to proceed against them.

### Count 5

An Eighth Amendment claim for unconstitutional conditions of confinement has two requirements. First, Plaintiff must demonstrate that he endured conditions that were "sufficiently serious" to constitute cruel and unusual punishment (an objective standard). This first element is satisfied when the plaintiff shows that he was "incarcerated under conditions posing a substantial

10

risk of serious harm" to his health or safety. *Haywood v Hathaway*, -- F.3d --, No. 12-1678, 2016 WL 6988750 (7th Cir. Nov. 29, 2016) (citing *Sanville v. McCaughtry*, 266 F.3d 724, 733 (7th Cir. 2001)). The allegations in the First Amended Complaint satisfy this first requirement for screening purposes.

Second, Plaintiff must show that the defendants responded with deliberate indifference to the inmate's health or safety (a subjective standard). *Farmer v. Brennan*, 511 U.S. 825 (1994). This occurs when a defendant knows of and disregards a substantial risk of serious harm to the inmate from those conditions. *Id.* The First Amended Complaint offers no allegations suggesting that any of the defendants exhibited deliberate indifference toward Plaintiff.

In conclusory fashion, Plaintiff alleges that the defendants were aware of the conditions he endured. On a general level, this may be true. Having punished Plaintiff with segregation, the defendants generally knew that Plaintiff would be spending time in isolation at Menard and Pontiac. Plaintiff does not allege, however, that *any* of the defendants knew, generally or specifically, about the conditions that he endured. No allegations suggest that Plaintiff complained to any particular defendant, either verbally or in writing. He offers no allegations indicating that any particular defendant regularly made rounds in the area he occupied or witnessed the conditions he endured. Without more, the defendants' mere knowledge of Plaintiff's disciplinary transfer and placement in segregation does not support a claim of deliberate indifference against them.

Section 1983 creates a cause of action "based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Matz v. Klotka*, 769 F.3d 517, 530 (7th Cir. 2014) (quoting *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996)). In other words, each defendant must have been aware

of facts from which an inference could be drawn that a substantial risk of harm existed, and each defendant must have actually drawn the inference. *Gray v. Hardy*, 826 F.3d 1000, 1019 (7th Cir. 2016) (citing *Farmer*, 511 U.S. at 834). The allegations do not suggest that the defendants knew of any specific unconstitutional conditions of confinement and disregarded them. Accordingly, Count 5 shall be dismissed without prejudice.

### Pending Motions

Plaintiff's Motion for Recruitment of Counsel (Doc. 5) shall be **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for a decision.

Plaintiff's Motion for Service of Process at Government Expense (Doc. 6) is **DENIED** as unnecessary. Because Plaintiff is proceeding *in forma pauperis*, the Court will order service on the defendants as a matter of course.

As explained above, Plaintiff's Motions to Supplement Complaint (Docs. 7 and 8) are **GRANTED**.

### Disposition

The Clerk is hereby **DIRECTED** to refile the original Complaint (Doc. 1) and both supplements offered in support of Documents 7 and 8 together as the "First Amended Complaint." The First Amended Complaint supersedes and replaces the original Complaint, rendering it void. *See Flannery*, 354 F.3d at 638, n. 1.

The Clerk is also directed to **UPDATE** the last name of Defendant "Chad M. Brad" to "Chad M. Brown" in CM/ECF.

**IT IS HEREBY ORDERED** that **COUNT 1** is subject to further review against Defendants **KIMBERLY BUTLER, ROBERT HUGHES,** and **JASON HART** and is **DISMISSED with prejudice** against all other defendants for failure to state a claim upon which

relief may be granted against them.

**IT IS HEREBY ORDERED** that **COUNT 2** is subject to further review against Defendants **SALVADOR GODINEZ** and **LESLIE McCARTY** and is **DISMISSED with prejudice** against all other defendants for failure to state a claim upon which relief may be granted against them.

**IT IS HEREBY ORDERED** that **COUNT 3** is subject to further review against Defendants **RANDY PFISTER, CHAD BROWN,** and **ABERARDO SALINAS** and is **DISMISSED with prejudice** against all other defendants for failure to state a claim upon which relief may be granted against them.

**IT IS HEREBY ORDERED** that **COUNT 4** is subject to further review against all defendants.

**IT IS ALSO ORDERED** that **COUNT 5** is **DISMISSED without prejudice** against all defendants for failure to state a claim upon which relief may be granted.

As to **COUNTS 1, 2, 3,** and **4,** the Clerk of Court shall prepare for Defendants **KIMBERLY BUTLER, ROBERT HUGHES, JASON HART, SALVADOR GODINEZ, LESLIE McCARTY, RANDY PFISTER, CHAD BROWN,** and **ABERARDO SALINAS:** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint (which includes Doc. 1 and both supplements at Docs. 7 and 8), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs

of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings, including a decision on the Motion for Recruitment of Counsel (Doc. 5), pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.* Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Wilkerson** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that

his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: December 22, 2016

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**